THE CROSS SHOE MANUFACTURING COMPANY v. H. B. GARDNER.

1. CIVIL ORDER OF ARREST—*Partnership*—*Evidence.*  In a trial before the court upon a motion to vacate an order of arrest, where there is abundant evidence to prove that the defendant was not a member of a certain firm, the admission of conversations with the defendant in which he stated that he was not a member of said firm is not prejudicial error.

2. —— *Motion to Vacate*—*Testimony.*  The statutes authorize the defendant to apply to the court by a motion to vacate the order of arrest, and he may introduce any proper testimony to show that he was improperly arrested.

MEMORANDUM.— Error from Sedgwick district court ; C. REED, judge.  Action by The Cross Shoe Manufacturing Company against George C. and H. B. Gardner, partners as Gardner Bros.  Trial was had, on the motion of the defendant, H. B. Gardner, to vacate order of arrest, and motion allowed.  The plaintiff brings the case to this court.  Affirmed.  The facts are stated in the opinion, filed October 23, 1895.

*Campbell & Dyer*, for plaintiff in error.

*Adams & Adams*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : In an action in the district court of Sedgwick county, Kansas, in which The Cross Shoe

Manufacturing Company was plaintiff and George C. Gardner and H. B. Gardner, partners as Gardner Bros., were defendants, the plaintiff filed an affidavit against the defendants charging them with the fraudulent disposition of their property. The defendants were arrested, and each filed motions to be discharged from arrest because the allegations in the affidavits were untrue. This defendant, H. B. Gardner, set up in his motion that he was not a member of the firm of Gardner Bros. The motion was tried before the court without a jury, and upon its finding that the said H. B. Gardner was not a member of the firm of Gardner Bros., the court sustained the motion and ordered the discharge of the said H. B. Gardner. The plaintiff brings the case here for review, and specially urges two assignments of error : (1) That the evidence upon which the court must have based the finding that H. B. Gardner was not a partner in the firm, was incompetent; (2) that the question whether H. B. Gardner was a member of the firm of Gardner Bros., and as such liable for the debt sued on, was an issue raised by the pleadings, to be tried as other issues by the court and jury, and was not an issue to be tried on the summary proceedings arising on the grounds alleged for the arrest. This defendant introduced in evidence George C. Gardner, who testified that he was a member of the firm of Gardner Bros., and that H. B. Gardner was not a member thereof, but that two other brothers and said George C. Gardner composed the said firm of Gardner Bros. H. B. Gardner testified that he was not a member of the firm, but only the attorney in fact for his brother, W. L. Gardner. There seems to be abundant evidence upon which to make the finding that the said H. B. Gardner was not a partner in the firm of said Gardner Bros. Any tes-

timony that was admitted as to conversations with H. B. Gardner, in which he denied being a partner, certainly could not have prejudiced the plaintiff.

As to the contention of the plaintiff, that the question of the partnership and the liability of H. B. Gardner for the debt sued on was an issue raised by the pleadings, to be tried as other issues by the court and jury, and was not an issue to be tried in the summary proceedings arising on the grounds alleged for the arrest, we have to say that our statutes clearly authorize the defendant to apply to the court by a motion to vacate the order of arrest; and if he may do this he may introduce proper testimony to show that he was improperly arrested. The contention of the plaintiff would probably be correct if the question under consideration was the rendition of a money judgment against the said H. B. Gardner.

No error having been committed, the judgment of the district court will be affirmed.

All the Judges concurring.